# EXHIBIT "A"

Case 4:09-cv-05000-TMD Document 4-2 Filed 03/24/2009 Page 2 of 22

SUMMONS                                  SC-85-1                          Clyde Castleberry Co., Covington, GA. 30015

## IN THE SUPERIOR/STATE COURT OF ____CHATHAM____ COUNTY

## STATE OF GEORGIA

____CHARLES D. HALL, SR.____

CIVIL ACTION
NUMBER ____ STCV0900869

_____

_____

PLAINTIFF

VS.

_84 LUMBER COMPANY, DARREN RICHARDSON,_

_AND KEITH CONNOR_

_____

DEFENDANT

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

G. Brinson Williams
JONES, OSTEEN AND JONES
Post Office Box 800
Hinesville, GA  31310

(912) 876-0888

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This____day of____March____, 20_09____.

Clerk of Superior/State Court

BY _____

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed. make notation on this sheet if addendum sheet is used.

| SUMMONS | SC-85-1 | Clyde Castleberry Co., Covington, GA 30015 |
|---|---|---|

**IN THE SUPERIOR/STATE COURT OF** _CHATHAM_ _____ **COUNTY**

## STATE OF GEORGIA

_CHARLES D. HALL, SR._

CIVIL ACTION NUMBER _STCV0900869_

_____

**PLAINTIFF**

VS.

_84 LUMBER COMPANY, DARREN RICHARDSON_

_AND KEITH CONNOR_

**DEFENDANT**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

 G. Brinson Williams, Esq.
 JONES, OSTEEN AND JONES
 Post Office Box 800
 Hinesville, GA 31310

 (912) 876-0888

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _25th_ day of ___Febe___ , 20 _09_.

       Clerk of Superior/State Court

       BY _____
               Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

CHARLES D. HALL, SR.,                    )
                                          )
        Plaintiff,                        )
                                          )
VS.                                       )    Civil Action File No.
                                          )
84 LUMBER COMPANY,                        )
DARREN RICHARDSON, and                    )
KEITH CONNOR,                             )
                                          )
        Defendants.                       )

## COMPLAINT

COMES NOW Plaintiff, CHARLES D. HALL, SR., and complains against

DARREN RICHARDSON, KEITH CONNOR and 84 LUMBER COMPANY and shows

as follows:

1.

Plaintiff, CHARLES D. HALL, SR., is a resident citizen of the State of Florida,

residing at Post Office Box 93, Palatka, Florida 32178, and is subject to the jurisdiction

of this Court.

2.

Defendant, DARREN RICHARDSON, was, on the date of the incident

complained of, an agent-employee of Defendant 84 LUMBER COMPANY and a

resident citizen of Chatham County, Georgia, and is subject to the jurisdiction of this

Court and may be served with a copy of this complaint and summons at his address 633

Orchard Street, Savannah, Georgia 31405-1951.

3.

Defendant, KEITH CONNOR, was on the date of the incident complained of an agent-employee-partner of Defendant 84 LUMBER COMPANY and a resident citizen of Chatham County, Georgia, and is subject to the jurisdiction of this Court and may be served with a copy of this complaint and summons at his address 106 Fairhaven Court, Guyton, Georgia 31312-5343.

4.

Defendant 84 LUMBER COMPANY is a limited partnership organized under the laws of the State of Pennsylvania, which does business in Georgia, and is subject to the jurisdiction of this Court through its agent for service CT Corporation Systems, 1201 Peachtree Street NE, Atlanta, Georgia 30361.

VENUE

5.

Venue is proper in this Court because the incident complained of occurred at the 84 LUMBER COMPANY store located at 4020 Ogeechee Road, Savannah, Chatham County, Georgia 31405.

FACTS

6.

On February 27, 2007, Plaintiff CHARLES D. HALL, SR. was employed as a truck driver by Robert O. Vinal Trucking, Inc.

7.

Plaintiff was then assigned to make deliveries for Defendant 84 LUMBER COMPANY from the 84 Lumber Company Store at 4020 Ogeechee Road, Savannah, Georgia.

8

Plaintiff was thereby required to work in proximity to fork lift vehicles operated by employees of Defendant 84 LUMBER COMPANY.

9.

One such employee was Defendant DARREN RICHARDSON, whose full name is not presently known to Plaintiff but is certainly known to Defendant 84 LUMBER COMPANY.

10.

Prior to the incident complained of Defendant DARREN RICHARDSON had disconnected a beeper on his fork lift, which was designed to and did warn persons in proximity to it, including Plaintiff, when the fork lift was being operated in reverse.

11.

Plaintiff previously notified Defendant KEITH CONNOR, who was then and there responsible for supervision of Defendant DARREN RICHARDSON that the fork lift was being operated with this beeper turned off.

12.

Nonetheless, unknown to Plaintiff, on February 27, 2007, Defendant DARREN RICHARDSON was again operating his fork lift with the warning beeper disengaged and not functioning.

13.

On February 27, 2007, Plaintiff was standing in the cargo loading area at the 84 Lumber Company Store at 4020 Ogeechee Road, Savannah, Georgia, when without reason or warning, Defendant DARREN RICHARDSON caused his fork lift to collide violently with Plaintiff.

14.

Plaintiff had no warning and no opportunity to avoid the fork lift as it collided violently with him.

15.

Plaintiff then and there suffered severe and permanent crush and injury to his right foot and ankle.

16.

As a direct and proximate result of this impact and injury Plaintiff has incurred medical costs in the approximate amount of $86,000 to date.

17.

As a direct and proximate result of this impact and injury and the disability caused thereby Plaintiff has been unable to work, with a resulting loss of income of approximately $750.00 per week, based on his wage at the time of the incident complained of, from the date of the incident and continuing to the present and beyond.

18.

Plaintiff has suffered permanent injury and loss of function to his right leg and foot so as to permanently destroy or, at best, greatly reduce his ability to work and labor.

19.

Plaintiff has suffered and will continue to suffer for the remainder of his life continuing pain and discomfort as a direct result of his injuries, and the traumatic arthritis caused thereby.

20.

Plaintiff was only 33 years old at the time of his injury with a reasonable expectation of many years of useful, productive work, and enjoyment of life.

21.

The injuries and damages complained of herein are severe and permanent, and likely to become more severe with the passage of time.

COUNT I

22.

Plaintiff realleges and incorporate by reference each and all of the paragraphs set forth above as if fully repeated hereinafter.

23.

The injuries and damages complained of herein were caused by the negligence and fault of Defendant DARREN RICHARDSON in causing the fork lift he operated to collide violently with Plaintiff.

24.

Defendant DARREN RICHARDSON was then and there the agent-employee of Defendant 84 LUMBER COMPANY.

25.

Plaintiff is thereby entitled to recover in full from Defendants for all the injuries complained of herein.

COUNT II

26.

Plaintiff realleges and incorporates by reference each and all of the paragraphs set forth above as if fully repeated hereinafter.

27.

The injuries and damages complained of herein were caused by the intentional fault, negligence, and misconduct of Defendant DARREN RICHARDSON in disconnecting and then operating his fork lift without the warning beeper which would have alerted Plaintiff to the violent impact which was about to occur so as to allow Plaintiff to avoid or reduce the impact which caused his injuries and damages.

28.

Plaintiff is thereby entitled to recover in full for the injuries and damages complained of herein.

29.

Plaintiff is further entitled to recover punitive damages in an amount sufficient to punish the misconduct complained of and to warn against such misconduct in the future.

COUNT III

30.

Plaintiff realleges and incorporates by reference each and all of the paragraphs set forth above as if fully repeated hereinafter.

31.

The injuries and damages complained of herein were caused by the negligence and fault of Defendant CONNOR in failing to adequately supervise Defendant DARREN RICHARDSON so as to cause the fork lift in issue to be operated with a proper, functioning warning beeper.

32.

Defendant CONNOR was then and there the agent-employee of Defendant 84 LUMBER COMPANY.

33.

Plaintiff is thereby entitled to recover in full from Defendants for all the injuries and damages complained of herein.

COUNT IV

34.

Plaintiff realleges and incorporates by reference each and all of the paragraphs set forth above as if fully repeated hereinafter.

35.

The injuries and damages complained of herein were caused by the negligence and fault of Defendant 84 LUMBER COMPANY acting through its agent-employees.

36.

The injuries and damages complained of herein were caused by the intentional fault and misconduct of Defendant 84 LUMBER COMPANY acting through its agent-employees.

37.

Plaintiff is thereby entitled to recover in full from Defendant 84 LUMBER COMPANY for all the injuries and damages complained of herein.

38.

Plaintiff is thereby entitled to recover punitive damages from Defendant 84 LUMBER COMPANY to punish the intentional fault and misconduct complained of and to warn against such misconduct in the future.

WHEREFORE, Plaintiff prays that service be had on Defendants, that a trail by jury proceed and that Judgment be awarded to Plaintiff for actual damages in the amount of $3,000,000 plus attorneys' fees, costs, and such other sums as law and justice may demand, and that punitive damages also be awarded in an amount sufficient to punish and to warn Defendants as to the misconduct complained of.

Respectfully submitted this 24th day of February, 2009.

JONES, OSTEEN AND JONES

BY: _____
G. Brinson Williams
State Bar No. 761700
Attorney for Plaintiff

Post Office Box 800
Hinesville, Georgia 31310
(912) 876-0888

SUMMONS
SC-85-1
Clyde Castleberry Co., Covington, GA 30015

IN THE SUPERIOR/STATE COURT OF _____CHATHAM_____ _____COUNTY

## STATE OF GEORGIA

_CHARLES D. HALL, SR._

CIVIL ACTION
NUMBER _____STCV0900869_____

_____

_____

PLAINTIFF

VS.

_84 LUMBER COMPANY, DARREN RICHARDSON,_

_AND KEITH CONNOR_

_____

DEFENDANT

RECEIVED FOR FILING
STATE COURT
CHATHAM CO.
2009 MAR -3 AM 9: 54

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

G. Brinson Williams
JONES, OSTEEN AND JONES
Post Office Box 800
Hinesville, GA 31310

(912) 876-0888

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _____ day of ___March_____, 20_09_____.

Clerk of Superior/State Court

BY _____

Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

IN THE STATE COURT OF CHATHAM COUNTY

STATE OF GEORGIA

CHARLES D. HALL, SR.,                    )
                                          )
        Plaintiff,                        )
                                          )
VS.                                       )    Civil Action File No. STCV0900869
                                          )
84 LUMBER COMPANY,                        )
DARREN RICHARDSON, and                    )
KEITH CONNOR,                             )
                                          )
        Defendants.                       )

## AMENDED COMPLAINT

COMES NOW Plaintiff, CHARLES D. HALL, SR., and complains against DARREN RICHARDSON, KEITH CONNOR and 84 LUMBER COMPANY and shows as follows:

1.

Plaintiff, CHARLES D. HALL, SR., is a resident citizen of the State of Florida, residing at Post Office Box 93, Palatka, Florida 32178, and is subject to the jurisdiction of this Court.

2.

Defendant, DARREN RICHARDSON, was, on the date of the incident complained of, an agent-employee of Defendant 84 LUMBER COMPANY and a resident citizen of Chatham County, Georgia, and is subject to the jurisdiction of this Court and may be served with a copy of this complaint and summons at his address 633 Orchard Street, Savannah, Georgia 31405-1951.

3.

Defendant, KEITH CONNOR, was on the date of the incident complained of an agent-employee-partner of Defendant 84 LUMBER COMPANY and a resident citizen of Chatham County, Georgia, and is subject to the jurisdiction of this Court and may be served with a copy of this complaint and summons at his address 106 Fairhaven Court, Guyton, Georgia 31312-5343.

4.

Defendant 84 LUMBER COMPANY is a limited partnership organized under the laws of the State of Pennsylvania, which does business in Georgia, and is subject to the jurisdiction of this Court through its agent for service CT Corporation Systems, 1201 Peachtree Street NE, Atlanta, Georgia 30361.

VENUE

5.

Venue is proper in this Court because the incident complained of occurred at the 84 LUMBER COMPANY store located at 4020 Ogeechee Road, Savannah, Chatham County, Georgia 31405.

FACTS

6.

On February 27, 2007, Plaintiff CHARLES D. HALL, SR. was employed as a truck driver by Robert O. Vinal Trucking, Inc.

7.

Plaintiff was then assigned to make deliveries for Defendant 84 LUMBER COMPANY from the 84 Lumber Company Store at 4020 Ogeechee Road, Savannah, Georgia.

8

Plaintiff was thereby required to work in proximity to fork lift vehicles operated by employees of Defendant 84 LUMBER COMPANY.

9.

One such employee was Defendant DARREN RICHARDSON, whose full name is not presently known to Plaintiff but is certainly known to Defendant 84 LUMBER COMPANY.

10.

Prior to the incident complained of Defendant DARREN RICHARDSON had disconnected a beeper on his fork lift, which was designed to and did warn persons in proximity to it, including Plaintiff, when the fork lift was being operated in reverse.

11.

Plaintiff previously notified Defendant KEITH CONNOR, who was then and there responsible for supervision of Defendant DARREN RICHARDSON that the fork lift was being operated with this beeper turned off.

12.

Nonetheless, unknown to Plaintiff, on February 27, 2007, Defendant DARREN RICHARDSON was again operating his fork lift with the warning beeper disengaged and not functioning.

13.

On February 27, 2007, Plaintiff was standing in the cargo loading area at the 84 Lumber Company Store at 4020 Ogeechee Road, Savannah, Georgia, when without reason or warning, Defendant DARREN RICHARDSON caused his fork lift to collide violently with Plaintiff.

14.

Plaintiff had no warning and no opportunity to avoid the fork lift as it collided violently with him.

15.

Plaintiff then and there suffered severe and permanent crush and injury to his right foot and ankle.

16.

As a direct and proximate result of this impact and injury Plaintiff has incurred medical costs in the approximate amount of $86,000 to date.

17.

As a direct and proximate result of this impact and injury and the disability caused thereby Plaintiff has been unable to work, with a resulting loss of income of approximately $750.00 per week, based on his wage at the time of the incident complained of, from the date of the incident and continuing to the present and beyond.

18.

Plaintiff has suffered permanent injury and loss of function to his right leg and foot so as to permanently destroy or, at best, greatly reduce his ability to work and labor.

19.

Plaintiff has suffered and will continue to suffer for the remainder of his life continuing pain and discomfort as a direct result of his injuries, and the traumatic arthritis caused thereby.

20.

Plaintiff was only 33 years old at the time of his injury with a reasonable expectation of many years of useful, productive work, and enjoyment of life.

21.

The injuries and damages complained of herein are severe and permanent, and likely to become more severe with the passage of time.

COUNT I

22.

Plaintiff realleges and incorporate by reference each and all of the paragraphs set forth above as if fully repeated hereinafter.

23.

The injuries and damages complained of herein were caused by the negligence and fault of Defendant DARREN RICHARDSON in causing the fork lift he operated to collide violently with Plaintiff.

24.

Defendant DARREN RICHARDSON was then and there the agent-employee of Defendant 84 LUMBER COMPANY.

25.

Plaintiff is thereby entitled to recover in full from Defendants for all the injuries complained of herein.

COUNT II

26.

Plaintiff realleges and incorporates by reference each and all of the paragraphs set forth above as if fully repeated hereinafter.

27.

The injuries and damages complained of herein were caused by the intentional fault, negligence, and misconduct of Defendant DARREN RICHARDSON in disconnecting and then operating his fork lift without the warning beeper which would have alerted Plaintiff to the violent impact which was about to occur so as to allow Plaintiff to avoid or reduce the impact which caused his injuries and damages.

28.

Plaintiff is thereby entitled to recover in full for the injuries and damages complained of herein.

29.

Plaintiff is further entitled to recover punitive damages in an amount sufficient to punish the misconduct complained of and to warn against such misconduct in the future.

## COUNT III

### 30.

Plaintiff realleges and incorporates by reference each and all of the paragraphs set forth above as if fully repeated hereinafter.

### 31.

The injuries and damages complained of herein were caused by the negligence and fault of Defendant CONNOR in failing to adequately supervise Defendant DARREN RICHARDSON so as to cause the fork lift in issue to be operated with a proper, functioning warning beeper.

### 32.

Defendant CONNOR was then and there the agent-employee of Defendant 84 LUMBER COMPANY.

### 33.

Plaintiff is thereby entitled to recover in full from Defendants for all the injuries and damages complained of herein.

## COUNT IV

### 34.

Plaintiff realleges and incorporates by reference each and all of the paragraphs set forth above as if fully repeated hereinafter.

### 35.

The injuries and damages complained of herein were caused by the negligence and fault of Defendant 84 LUMBER COMPANY acting through its agent-employees.

### 36.

The injuries and damages complained of herein were caused by the intentional fault and misconduct of Defendant 84 LUMBER COMPANY acting through its agent-employees.

37.

Plaintiff is thereby entitled to recover in full from Defendant 84 LUMBER COMPANY for all the injuries and damages complained of herein.

38.

Plaintiff is thereby entitled to recover punitive damages from Defendant 84 LUMBER COMPANY to punish the intentional fault and misconduct complained of and to warn against such misconduct in the future.

WHEREFORE, Plaintiff prays that service be had on Defendants, that a trail by jury proceed and that Judgment be awarded to Plaintiff for actual damages in the amount of $3,000,000 plus attorneys' fees, costs, and such other sums as law and justice may demand, and that punitive damages also be awarded in an amount sufficient to punish and to warn Defendants as to the misconduct complained of.

Respectfully submitted this 2nd day of March, 2009.

JONES, OSTEEN AND JONES

BY:

G. Brinson Williams
State Bar No. 761700
Attorney for Plaintiff

Post Office Box 800
Hinesville, Georgia 31310
(912) 876-0888

SHERIFF'S ENTRY OF SERVICE

SC-85-2

CLYDE CASTLEBERRY CO., COVINGTON, GA. 30015

Civil Action No. STCV0900869

Date Filed February 25, 2009

Superior Court ☐
State Court ☒
Juvenile Court ☐
Magistrate Court ☐
Probate Court ☐

Georgia, CHATHAM COUNTY

Attorney's Address

G. Brinson Williams, Esq.
JONES, OSTEEN AND JONES
Post Office Box 800
Hinesville, Georgia 31310

Name and Address of Party to be Served.

CT Corporation Systems, agent for service
for 84 Lumber Company
1201 Peachtree Street NE

Atlanta, GA 30361

Charles D. Hall, Sr.

Plaintiff

VS.

84 Lumber Company, Darren Richardson

and Keith Connor

Defendant

Garnishee

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☐

Served the defendant 84 Lumber Company _____ a corporation by leaving a copy of the within action and summons with Amended Complaint C/o CT Corp L. Mac Donald in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This 10 day of MAR, 20 09.

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

 **CT Corporation**

**Service of Process Transmittal**
03/10/2009
CT Log Number 514553511

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**TO:** Robert Bosilovic, Attorney
84 Lumber Company
1019 Route 519
Eighty Four, PA 15330-2813

**RE:** **Process Served in Georgia**

**FOR:** 84 Lumber Company (Domestic State: PA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Charles D. Hall, Sr., Pltf. vs. 84 Lumber Company, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Entry of Service, Summonses, Complaint, Amended Complaint |
| **COURT/AGENCY:** | Chatham County State Court, GA<br>Case # STCV0900869 |
| **NATURE OF ACTION:** | Personal Injury - Struck by forklift at 84 Lumber Company Store at 4020 Ogeechee Road, Savannah, Georgia on February 27, 2007 - Seeking $3,000,000 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Atlanta, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/10/2009 at 12:10 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service |
| **ATTORNEY(S) / SENDER(S):** | G. Brinson Williams<br>Jones, Osteen and Jones<br>Post Office Box 800<br>Hinesville, GA 31310<br>912-876-0888 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/10/2009, Expected Purge Date: 03/15/2009<br>Telephone, Robert Bosilovic , 800-664-1984 1535<br>*Left voice mail message for Robert Bosilovic*<br>Image SOP<br>Email Notification, Robert Bosilovic Bob.Bosilovic@84lumber.biz |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nicole Thompson<br>1201 Peachtree Street, N.E.<br>Atlanta, GA 30361<br>404-965-3840 |

Page 1 of 1 / LM

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| SHERIFF'S ENTRY OF SERVICE | SC-85-2 | | CLYDE CASTLEBERRY CO., COVINGTON, GA. 30015 | |
|---|---|---|---|---|

Civil Action No. __STCV0900869__

Date Filed __February 25, 2009__

Superior Court ☐   Magistrate Court ☐
State Court ☒   Probate Court ☐
Juvenile Court ☐

Georgia, __CHATHAM_____ COUNTY

Attorney's Address

RECEIVED

G. Brinson Williams, Esq.
JONES, OSTEEN AND JONES
Post Office Box 800
Hinesville, GA  31310

MAR  4 2009

1st Attempt _____
2nd Attempt _____
3rd Attempt _____

Name and Address of Party to be Served

__Keith Connor__

__106 Fairhaven Court__

__Guyton, GA  31312-5343__

Charles D. Hall, Sr.

Plaintiff

VS.

__84 Lumber Company, Darren Richardson__

__Keith Connor__

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☑
I have this day served the defendant __Keith Connor__ personally with a copy
of the within action and summons. **Amended Complaint**

**NOTORIOUS** ☐
I have this day served the defendant_____ by leaving a
copy of the action and summons at his most notorious place of abode in this County. **Amended Complaint**

Delivered same into hands of_____ described as follows:

age, about_____years; weight_____pounds; height, about_____feet and_____inches, domiciled at the residence of
defendant.

**CORPORATION** ☐
Served the defendant_____ a corporation
by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said
affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the
defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the
place stated in the summons.

**NON EST** ☐
Diligent search made and defendant_____
not to be found in the jurisdiction of this Court.

This _5th_ day of _March_, 20 _09_.

Sgt. Rhodes @ 1346

DEPUTY

SHERIFF DOCKET_____ PAGE_____          WHITE-CLERK   CANARY-PLAINTIFF   PINK-DEFENDANT

# ADORNO & YOSS

A LIMITED LIABILITY CORPORATION
1349 W. PEACHTREE STREET, NE, SUITE 1500
ATLANTA, GA 30309
PHONE: (404) 347-8300, FAX: (404) 347-8395
WWW.ADORNO.COM

VICKIE S. CARLTON-SADLER

DIRECT LINE: (404) 347-8531
DIRECT FAX: (404) 601-5832
EMAIL: VCARLTONSADLER@ADORNO.COM

March 23, 2009

**VIA TELEFAX (912) 368-5536**

G. Brinson Williams
Jones, Osteen and Jones
Post Office Box 800
Hinesville, Ga 31310

> Re: ***Charles D. Hall, Sr. v. 84 Lumber Company, Darren Richardson, and
> Keith Connor,*** **State Court of Chatham County, Civil Action File No.:
> STCV0900869 – Waiver of Process and Acknowledgement of Service
> on behalf of Defendant Darren Richardson**

Dear Brinson:

As you know, I represent Defendants 84 Lumber Company, Darren Richardson, and

Keith Connor in the above-referenced case. Please be advised that due and legal service of the

Complaint and Summons upon Defendant Darren Richardson, is hereby acknowledged. Copies

of the Complaint and Summons have been received and all other and further service of same is

waived.

Sincerely,

Vickie S. Carlton-Sadler

VSC/cdh

CALIFORNIA   FLORIDA   GEORGIA   ILLINOIS   MASSACHUSETTS   MISSOURI   NEW JERSEY   NEW YORK   TEXAS   WASHINGTON, D.C.
ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED