Exhibit B

# ADORNO & YOSS

A LIMITED LIABILITY CORPORATION
1349 W. PEACHTREE STREET, NE, SUITE 1500
ATLANTA, GA 30309
PHONE: (404) 347-8300, FAX: (404) 347-8395
WWW.ADORNO.COM

VICKIE S. CARLTON-SADLER

DIRECT LINE: (404) 347-8531
DIRECT FAX: (404 601-5832
EMAIL: VCARLTONSADLER@ADORNO.COM

July 28, 2009

**VIA TELEFAX 904-292-1220 AND U.S. MAiL**

David M. Wiesenfeld
Abbott Law Firm, P.A.
2929 Plummer Cove Road
Jacksonville, Fl 32223

Re:     **Charles Hall v. 84 Lumber, v. Robert Vinal, and Robert C. Vinal,
Inc., Civil Action File No.: 4:09-CV-57 - Request for Supplemental
Discovery**

Dear David:

As we discussed earlier today and in our joint status conference yesterday, your responses to 84 Lumber's request for documents did not include any documents relating to Mr. Hall's previous ten (10) year medical history. Moreover, the HIPPA medical release form was not signed and returned to us so that we could independently request Mr. Hall's medical records. As such, we have been unable to request Mr. Hall's previous medical history and have been further delayed in providing this information to our medical expert for evaluation. Yesterday, we faxed another medical release form to your office for Mr. Hall's signature. Please return the signed form to us as soon as possible.

84 Lumber requested in Interrogatory No. 16, that Mr. Hall identify every healthcare provider and facility where he was seen for any and all problems during the ten (10) years prior the incident in question. Mr. Hall responded that his family doctor, Dr. Victoria, located in Kingsland, Georgia, provided his healthcare for the ten (10) years before this incident. We located one doctor with a similar name in Kingsland, Georgia, by the name of Dr. Victoria E. Hoff-Joinville. Please confirm whether or not we have identified the correct doctor, and if not, please provide us with information that would assist us in doing so. Also, please clarify as to whether this was Mr. Hall's only physician that provided him with medical care of any sort for the ten (10) years before the incident in question. If not, then please adequately respond to this interrogatory.

84 Lumber also requested that Mr. Hall produce all documents relating to his worker's compensation claims and benefits. *See* First Request for Documents at Request No. 7; *see also* Interrogatory No. 2 requesting that you identify all statements obtained by any person concerning any aspect of this litigation. The worker's compensation file was produced in part but did not contain a transcript of Mr. Hall's deposition that was taken

David M. Wiesenfeld
July 28, 2009
Page 2

by the worker's compensation attorney. Please provide a copy of the transcript as soon as possible. There are also documents in the workers compensation file that references Coventry Workers Comp Services Inc., Field Case Management Services, however, there are no documents relating to the services that Mr. Hall may have received from this service. To the extent that these documents exist, please produce them as they relate to Mr. Hall's collection of workers compensation benefits.

We would also like to take the deposition of Michael Mitchell on either August 17th, 18th, 24th or 25th. Please confirm the availability of Mr. Mitchell for any of the proposed dates, or let me know of any alternative dates if he is unavailable on the proposed dates. Please feel free to contact me with any questions.

Sincerely,

Vickie S. Carlton-Sadler

VSC/cdh

cc:     V. Sharri Edenfield
        G. Brinson Williams

CALIFORNIA    FLORIDA    GEORGIA    MASSACHUSETTS    MISSOURI    NEW JERSEY    NEW YORK    TEXAS    WASHINGTON, D.C.
ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED