# Exhibit E

# ABBOTT LAW FIRM, P.A.
2929 PLUMMER COVE ROAD
JACKSONVILLE, FLORIDA 32223
(904) 292-1111    (904) 292-1220 Fax

F. CATFISH ABBOTT
BOARD CERTIFIED
CIVIL TRIAL ATTORNEY

SERIOUS BODILY INJURY
OR WRONGFUL DEATH

July 30, 2009

**FACSIMILE TRANSMISSION and U.S. MAIL**
**FAX NO.: 404-601-5832**

Vickie S. Carlton-Sadler, Esq.
1349 West Peachtree Street N.E., Suite 1500
Atlanta, GA 30309

RE:   Charles D. Hall, Sr. v. 84 Lumber Company

Dear Vickie:

I am in receipt of your faxed letter dated July 28, 2009, with regard to the above-referenced matter. The letter presents six different matters that seem to require a response as follows:

1.   You noted that our response to the Request to Produce included no records for any medical treatment for Mr. Hall for the "previous ten (10) year medical history." Our response to that is simply that Mr. Hall had none.

2.   You requested that a HIPPA medical release form be signed and returned so that you could obtain Mr. Hall's medical records without the use of a subpoena. In response to this, I note that you and I have previously discussed the matter and I questioned why you did not simply use a subpoena to obtain his records. However, in an effort to cooperate, I agreed to have Mr. Hall sign a HIPPA release form to be faxed to you upon what I believe to be very reasonable conditions. I do not think I would be fairly representing a plaintiff if I were to send a form that allowed you to obtain all of his or her medical records for three years without the requirement that we be provided with same immediately upon receipt by you. You agreed in our telephone conversation of yesterday that such conditions were reasonable and, since my secretary was out of the office yesterday, you agreed that I could dictate a letter-agreement to be signed by you to that effect. Pursuant to that I dictated a rough draft of a letter to your secretary (I believe her name is "Carla"?) to be signed by you. I agreed that upon receipt of that letter, I would fax to you the signed HIPPA release. As I dictate this letter, I have not received that signed letter from you. As soon I receive it in proper form, I will forward to you by fax the signed HIPPA agreement so that you can obtain records without the normal method of using a subpoena.

Vickie S. Carlton-Sadler, Esq.
July 30, 2009
Page 2

       3.      As you know, Mr. Hall could not remember with any kind of specificity who his family doctor was for the previous ten years and his answers to interrogatories only note that her name was probably "Victoria" and that she lived in Kingsland, Georgia. You requested to know if that doctor was "Dr. Victoria E. Hoff-Joinville." I have asked Mr. Hall and he confirmed that he believed that was, in fact, the doctor.

       4.      You further asked with regard to this, whether or not "Victoria" was his only physician for the last ten years, and he has informed me that he believes that she was. She is at least the only one that he can remember.

       5.      You asked for the transcript of the plaintiff's deposition that, according to his worker's compensation file, was or may have been taken during the course of that matter. I will undertake a search to see if such a transcript exists and will provide you with a copy when I find it, if there is one.

       6.      You expressed a belief from your review of the worker's compensation case file that there was some kind of activity from the "Coventry Workers Comp Services, Inc., Field Case Management Services." As I sit here dictating this letter, I have no idea what that is, but, along with the deposition mentioned in number 5, will endeavor to find out, and if I can come up with such materials, will promptly send them to you.

Lastly, since we have trouble finding a responsive court reporter in Statesboro, Georgia, we have decided to take the depositions of the Defendants, with the exception of 84 Lumber, in Savannah, Georgia. A copy of that notice of deposition is enclosed.

With regard to the deposition of 84 Lumber, it has been my experience that often, different witnesses may need to be questioned as part of a corporate deposition. Consequently, as a convenience to 84 Lumber, I would agree to do the deposition at their premises, if that is more convenient for everyone. Please let me know with specificity where you would like 84 Lumber's deposition taken, so that I can serve the notices.

                                 Yours sincerely,

                                   David M. Wiesenfeld, Esq.

DMW/emf
Enclosure

cc:    G. Brinson Williams, Esq.

# ABBOTT LAW FIRM, P.A.
2929 PLUMMER COVE ROAD
JACKSONVILLE, FLORIDA 32223
(904) 292-1111    (904) 292-1220 Fax

F. CATFISH ABBOTT
BOARD CERTIFIED
CIVIL TRIAL ATTORNEY

SERIOUS BODILY INJURY
OR WRONGFUL DEATH

July 30, 2009

**FACSIMILE TRANSMISSION and U.S. MAIL**
**FAX NO.: 404-601-5832**

Vickie S. Carlton-Sadler, Esq.
1349 West Peachtree Street N.E., Suite 1500
Atlanta, GA 30309

RE:  Charles D. Hall, Sr. v. 84 Lumber Company

Dear Vickie:

I received your letter of July 30, 2009, and it is close, but slightly different than what I thought we agreed to. We don't want to be notified once you receive the records, rather, we must be notified when you _request_ the records.

Therefore, what I suggest is you send a requests for various records to whatever medical care providers you want, and forward us copies of same. We will then promptly send to that health care provider the form letter that you attached to your correspondence of July 30th, along with the HIPPA authorization allowing that health care provide to send you the records and a duplicate to us (with each of us paying for our own copies). That way we each get the records simultaneously, which I think is important in light of the short time we each have to get ready for the trial. Since we are doing all of this by fax, I don't think it will slow anything down more than one day at most.

Please confirm with me that you agree to this suggestion.

Yours sincerely,

David M. Wiesenfeld, Esq.

DMW/emf