# Exhibit I

ADORNO & YOSS
A LIMITED LIABILITY CORPORATION
1349 W. PEACHTREE STREET, NE, SUITE 1500
ATLANTA, GA 30309
PHONE: (404) 347-8300, FAX: (404) 347-8395
WWW.ADORNO.COM

VICKIE S. CARLTON-SADLER

DIRECT LINE: (404) 347-8531
DIRECT FAX: (404 601-5832
EMAIL: VCARLTONSADLER@ADORNO.COM

August 6, 2009

**VIA FACSIMILE 904-292-1220**

David M. Wiesenfeld, Esq.
Abbott Law Firm
2929 Plummer Cove Road
Jacksonville, FL 32223

**Re: Charles Hall v. 84 Lumber at al. v. Robert Vinal and Robert C. Vinal, Inc., United States District Court of Georgia, Savannah Division, Civil Action File No.: 4:09-CV-57-WTM**

Dear David:

I am in receipt of your letter dated August 5, 2009, in which you request that 84 Lumber incur the copying costs for medical records requested by 84 Lumber, but that will be provided to you. We will not agree to such an arrangement. In Georgia, each party to a lawsuit is responsible for his or her own costs of litigation, unless a contract or statute provides otherwise. See *Harrison v. Harrison,* 208 Ga. 70, 70, 65 S.E.2d 173, 174 (1950). Furthermore, the documents requested are those that should have been produced in the regular course of discovery, but were not. Based on responses to 84 Lumber's interrogatories relating to Mr. Hall's medical history, and subsequent correspondence on July 30, 2009 in which you stated that Mr. Hall does not recall a significant portion of his medical history, we are not confident that Mr. Hall has adequately disclosed his complete medical history or medical providers. Moreover, your letter indicates that the cost of copying was not a topic previously addressed. However, in your letter to me dated July 30, 2009, you proposed and I accepted an agreement in which you stated that each party would be responsible for their own copying costs. I have attached a copy of your letter for your convenience.

We request that you immediately provide each medical provider that 84 Lumber has contacted with the executed HIPPA release form so that we can be provided with the requested records without delay. As you know, we are facing a looming discovery deadline and have already had significant delays relating to this issue.

On May 20, 2009, we sent to Mr. Abbott, along with 84 Lumber's First Request for Production of Documents, a letter and HIPPA medical release form requesting that that form be signed by Mr. Hall and returned to us so that we could subpoena any

additional medical records needed. In our experience, healthcare providers do not release such information absent a signed HIPPA form or a court order. On or around June 22, 2009, we received your discovery responses and documents, but did not receive the executed HIPPA form. Therefore, on July 27, 2009, during our joint status conference, I relayed to you that the discovery we received was incomplete in that it did not contain any documents relating to Mr. Hall's past medical history as requested. At that time, I also requested that we be provided with an executed HIPPA form. On July 28, 2009, I called you and we again discussed 84 Lumber's need to have the medical release form accompany the subpoena. I followed-up that telephone conversation with a letter to you dated July 28, 2009, which was sent to you via facsimile and U.S. Mail, in which I indicated that we would need the medical release form. As a matter of convenience, we also faxed another medical release form to your office on that same day.

Initially, in our phone conversation on July 27, 2009, you had indicated that providing the medical release form would not be problematic. But soon thereafter you indicated that in order to provide us with an executed medical release form, 84 Lumber would be required to sign a letter that you dictated to my assistant, Carla Hardwick, on July 29, 2009, in which 84 Lumber would agree to stipulate that Mr. Hall would be detrimentally harmed in the event that 84 Lumber failed to provide you with copies of records it had received from Mr. Hall's medical providers, or failed to provide you with any correspondence between 84 Lumber and the medical providers. Given the fact that Mr. Hall's claims put his medical history, treatment and physical condition at the crux of this litigation, his medical records are critical to 84 Lumber's defense in this matter. Accordingly, it is obvious that agreeing to such stipulation would expose 84 Lumber to unnecessary and unreasonable liability; especially in light of the fact that 84 Lumber is rightfully entitled to receive Mr. Hall's medical records pursuant to the federal rules of discovery in order to properly defend against the asserted claims.

Therefore, on July 30, 2009, I sent you a letter proposing that you send a letter to the identified medical providers asking them to send to you all copies of records that would be provided to us. I also provided you with a form letter to send to the identified medical providers. On July 30, 2009, you responded to my letter and recommended that we simply copy you on any records requested and in turn you would provide the medical release form to those medical providers so that we would simultaneously receive the same documents. You also stated in your July 30, 2009 letter that each party would pay their own copying fees. We agreed to this procedure and on August 4, 2009, we faxed you a letter with the names of the medical providers that we have contacted for records. Also, on August 4, 2009, we sent to you by U.S. Mail copies of the subpoenaed records and copies of the non-party document requests. We again request that you immediately expedite the sending of the signed HIPPA medical release forms so that our client is not further prejudicially delayed in the receiving of the requested documents.

Please consider this our final good faith effort, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to resolve this outstanding discovery issue.

In addition, provide me with an update on the status of the requested deposition transcript of Mr. Hall taken by the workers compensation attorney. Finally, your assistant, Eileen, told me yesterday that your experts would be available for deposition on August 12th and 13th in Jacksonville, Florida. We would like to depose your experts on those proposed dates, but the depositions will have to take place in Statesboro or Savannah, Georgia. Please confirm the availability of your witnesses at those locations.

Sincerely,

Vickie S. Carlton-Sadler

VSC/cdh
Enclosure
cc: V. Sharon Edenfield, Esq.

272717