# Exhibit K

## ADORNO & YOSS
### A LIMITED LIABILITY CORPORATION
1349 W. PEACHTREE STREET, NE, SUITE 1500
ATLANTA, GA 30309
PHONE: (404) 347-8300, FAX: (404) 347-8395
WWW.ADORNO.COM

VICKIE S. CARLTON-SADLER

DIRECT LINE: (404) 347-8531
DIRECT FAX: (404) 601-5832
EMAIL: VCARLTONSADLER@ADORNO.COM

October 20, 2009

**VIA FACSIMILE TO (904) 292-1220**

David Wiesenfeld, Esq.
Abbott & Wiesenfeld, PA
2929 Plummer Cove Road
Jacksonville, FL  32223

Re:   Hall v. 84 Lumber Company

Dear David:

I have confirmed that the following witnesses will be available to testify on behalf of 84 Lumber on November 4, 2009:

      a)  Diane Worrell

      b)  Mitchell Feldman

      c)  Tim Leonard

      d)  Malorye Waite

      e)  Richard Young

Also, please advise me if you have confirmed with Mason White that November 13, 2009 will be the date for the Vinal Third-Party Defendant depositions.  We have been unable to reach him.

I am still waiting to receive the HIPAA releases from you so that I can obtain the medical records from Memorial Hospital as well as from the pharmacies that Mr. Hall identified in his responses to our second interrogatories dated September 24, 2009.  The Court's Order was clear that discovery will end sixty (60) days after the receipt of the last of Mr. Hall's medical records. As we discussed last week, we still have not received any subpoenaed records from Dr. Victoria Hoffman, and are still waiting to receive the x-rays we subpoenaed from Dr. Yant's office.   In addition, we need the HIPAA release before Memorial Hospital will release Mr. Hall's records.  At

David M. Wiesenfeld, Esq.
October 20, 2009
Page 2

the beginning of this litigation, I had requested that you provide me with a general release to cover any and all medical providers because a specialized HIPAA release is not required as a matter of law. However, you opted to only send the releases as we made the requests to certain medical providers. This approach has resulted in a significant delay. Furthermore, because the close of discovery is conditioned on the receipt of all medical records, it has also resulted in delaying your client's day in court.

Congress enacted the HIPAA to establish a clear and consistent set of privacy standards for personally identifiable health information. See 64 F.R. 59920. However, HIPAA only covers certain defined "covered entities." Pursuant to HIPAA, a covered entity is defined as (1) a health plan; (2) a health care clearinghouse, or (3) a health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter. See 45 C.F.R. 160.103. Health care is defined as care, services or supplies related to the health of an individual and includes, but is not limited to (1) Preventive, diagnostic, therapeutic, rehabilitative, maintenance, or palliative care, and counseling, service, assessment, or procedure with respect to the physical or mental condition, or functional status, of an individual or that affects the structure or function of the body; and (2) Sale or dispensing of a drug, device, equipment, or other item in accordance with a prescription. See 45 C.F.R. 160.103.

Because time is of the essence, we request that you provide us with a general HIPAA release so that we can obtain all of the requested medical records, including Mr. Hall's pharmaceutical records. We also request that you provide a general updated HIPAA release since by the language of the release, they are only good for a certain amount of time, and if we learn of additional providers outside of the timeframe for which the release is good, we will have to request that Mr. Hall provide us with additional releases. Please fax the general release to me as soon as possible.

On another note, I told Catfish at Mr. Mitchell's deposition on October 12, 2009 that we would agree to not to call Messrs. Lawless, Barlow or Crosby as witnesses at trial because they were not on the premises at the time of the incident.

Also on October 12, 2009, I provided Catfish with a supplemental response to your request for complete time records on the date of the incident. I explained how to read the time record reports so I am assuming that Catfish has relayed this information to you. But, if you have any additional questions on this issue, feel free to give me a call.

Finally, in response to Interrogatory No. 17 in which we requested that Mr. Hall provide us with the names of the persons or entities that he has contacted for employment after his alleged injury, Mr. Hall stated that he contacted Gator Nationals,

David M. Wiesenfeld, Esq.
October 20, 2009
Page 3


Speedway Road, Gainesville, Florida.  We have been unable to locate an entity by this name so we are asking that you provide a more specific response to this Interrogatory.


     Please consider this our good faith effort, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to resolve these outstanding discovery issues.


               Sincerely,

               Vickie S. Carlton-Sadler


VSCS/cdh
cc:   V. Sharon Edenfield, Esq. (via fax)

CALIFORNIA   FLORIDA   GEORGIA   MASSACHUSETTS   MISSOURI   NEW JERSEY   NEW YORK   TEXAS   WASHINGTON, D.C.

ATTORNEYS ADMITTED SOLELY IN THE JURISDICTION WHERE LISTED OFFICE IS LOCATED, UNLESS OTHERWISE NOTED