IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 MAR 28   PM 3: 26

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| CHARLES D. HALL,<br><br>    Plaintiff,<br><br>v.<br><br>84 LUMBER CO.; DARREN<br>RICHARDSON; KEITH CONNOR;<br>ROBERT VINAL; and ROBERT C.<br>VINAL, INC.;<br><br>    Defendants.<br>_____<br>84 LUMBER CO., DARREN<br>RICHARDSON, and KEITH CONNOR,<br><br>    Third Party Plaintiffs,<br><br>v.<br><br>ROBERT VINAL and ROBERT C.<br>VINAL, INC.,<br><br>    Third Party Defendants. | CASE NO. CV409-057 |

## O R D E R

Before the Court is Defendants 84 Lumber, Darren Richardson, and Keith Connor's[1] Motion (Doc. 177) and Amended Motion (Doc. 180) to Enforce Offer of Judgment and for Attorney's Fees. In their motion,[2] Defendants request $271,166.69 in attorney's fees and expenses generated while defending this case. (Doc. 180, Attach. 1 at 3.)

---

[1] For the purpose of this order, the Court will refer to these defendants collectively as "Defendants."
[2] For ease of reference, the Court will refer to the amended motion as the motion in the remainder of this order.

According to Defendants, they are entitled to fees and expenses under O.C.G.A. § 9-11-68 because they made a good faith offer to settle this case for $200,000 on February 16, 2010, which was rejected by Plaintiff, and they were awarded summary judgment on Plaintiff's claims.   (Id. at 2.)   Plaintiff failed to respond to this motion.

Under O.C.G.A. § 9-11-68, a defendant is entitled to "recover reasonable attorney's fees and expenses incurred . . . from the date of the rejection of [an] offer of settlement through the entry of judgment if the final judgment is one of no liability."   O.C.G.A. § 9-11-68(b)(1).   However, a court may only order payment of fees and expenses "upon receipt of proof that the judgment is one to which the provisions" apply.   Id. § 9-11-68(d)(1). Based on the language of the statute, it appears that there must first be a judgment entered prior to any award of fees.   This conclusion is reinforced by the requirement that a court may only order payment of fees and expenses after either the judgment has been affirmed on appeal or the time to file an appeal has lapsed.   Id.   ("[I]f an appeal is taken from such judgment, the court shall order payment of such attorney's fees and expenses of litigation only upon remitter affirming such judgment.").

2

In this case, the Court has yet to enter any final judgment. In addition, once final judgment has been entered, the parties still have time to appeal this Court's decision. Therefore, any award of attorney's fees and expenses pursuant to O.C.G.A. § 9-11-68 is premature at this time. Accordingly, Defendants' motions (Docs. 177, 180) are **DISMISSED**.

While Defendants are free to refile the motion at the appropriate time,[3] they should seriously reconsider the propriety of seeking over $250,000 in fees and expenses from Mr. Hall. In this case, Mr. Hall is not some deep-pocket corporate entity. Rather, he was simply an unfortunate delivery driver who suffered an injury when one of Defendants' employees ran over his foot with a forklift. Mr. Hall brought a legitimate claim before this Court: whether Defendants qualified as statutory employers under Georgia law and, as a result, were shielded from liability for his injury. In this Court's opinion, Defendants need to ask themselves whether the mere fact that Mr. Hall's counsel failed to convince this Court that his claim was meritorious should result in saddling an injured blue-collar worker with not only the fallout from his injury,

---

[3] Plaintiff's counsel is **DIRECTED** to file a response to any motion for attorney's fees that Defendants may see fit to file.

but also $271,166.69 in fees and expenses. The Court wonders whether this truly is a position that a customer-service oriented business like 84 Lumber should be taking. Perhaps the limited and general partners of Defendant 84 Lumber should ask themselves the same question.[4]

While the Court takes no position on the appropriateness of any award at this time, it does recognize the § 9-11-68 clearly allows Defendants to seek an award of fees and costs. Indeed the statute gives Defendants the discretion to seek such an award. However, the Court must again query whether seeking an award of fees and costs would be the proper exercise of Defendants' discretion. When exercising discretion, there is a considerable difference between what one can do and what one should do. For example, this Court had discretion to deny Defendants' Motion to Amend Notice of Removal and have the parties restart this case in state court at square one. However, the Court was cognizant that such a result would be unfair to Defendants, who had fully litigated the case before this Court, eventually obtaining an award of summary judgment. In this Court's opinion, Defendants should now ask themselves whether trying to impose $271,166.69 in

_____

[4] This, of course, assumes that Defendants' counsel forwards to the limited or general partners this or any other order the Court has entered in this case.

4

attorney's fees and expenses on Mr. Hall would be the proper exercise of the discretion afforded them under the statute.   Should Defendants later decide this question in the affirmative, they may refile their motion at the correct time, at which point the Court will take up the sometimes arduous task of assessing whether Defendants are entitled to attorney's fees and costs, and if so, what would be a reasonable amount for such an award.

SO ORDERED this 28ᵗʰ day of March 2012.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA